**Tommy M. PARKER, Plaintiff,**

v.

**Timothy RYAN, Director of the Office of Thrift Supervision, and United States Department of Treasury, Defendants.**

**No. DC90–W186–B–O.**

United States District Court,
N.D. Mississippi,
Delta Division.

March 8, 1991.

Shelby Duke Goza, Oxford, Miss., and Patrick F. McManemin and J. Thomas Gilbert, Dallas, Tex., for plaintiff.

Richard C. Stearns and Felix V. Baxter, Dept. of Justice, Civ. Div., Washington, D.C., William M. Dye, Jr., Oxford, Miss., and Paul Leiman, Office of Thrift Supervision, Washington, D.C., for defendants.

ORDER DENYING MOTION OF PLAINTIFF FOR PRELIMINARY INJUNCTION AND GRANTING MOTION OF THE DEFENDANT TO ENFORCE CEASE AND DESIST ORDER OF OFFICE OF THRIFT SUPERVISION

BIGGERS, District Judge.

■ The court has previously issued a temporary restraining order enforcing a cease and desist order of the Office of Thrift Supervision (OTS) of the Department of the Treasury directed toward the plaintiff in this case, Tommy M. Parker, which order is dated January 2, 1991. The court has now received briefs from the parties and heard arguments in support thereof concerning their respective contentions as to whether the cease and desist order previously referred to should be ordered enforced by this court through injunction or, as the plaintiff contends, suspended pending further proceedings by the administrative agency. The court has reviewed the authorities cited, particularly the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1811, *et seq.*, and the cases cited in interpreting this statute, including the case of *David L. Paul v. Office of Thrift Supervision of the Department of the Treasury of the United States of America and Timothy Ryan*, 763 F.Supp. 568, United States District Court of the Southern District of Florida. After consideration of the authorities cited and the arguments presented by counsel, the court is of the opinion that the claims of the plaintiff, namely that the cease and desist order exceeds the authority of the defendant administrative agency and it also violates the plaintiff's due process rights, are not supported by the law or the facts.

It is the opinion of the court that the cease and desist order issued to the plaintiff by OTS should be enforced during the pendency of the administrative hearings of the said agency by way of a preliminary injunction issued by this court. It is the finding of the court that the said order has been issued pursuant to 12 U.S.C. § 1818(c)(1) and that all pertinent elements of that section have been complied with prior to the issuance of the said order.

■ It is further the finding of the court that the plaintiff has failed to comply with the order of OTS by the failure to furnish within a reasonable time to OTS the financial information as required by the cease and desist order. The plaintiff bases his failure to supply his financial statement on the claim that he has not had his December, 1990 cancelled checks returned to him by the bank until recently and that he does not yet have his 1990 income tax liabilities computed so that he can give the exact figures which those documents would provide. The cease and desist order was dated November 16, 1990 and as of the date of this order the plaintiff still gives the December, 1990 cancelled checks and lack of income tax liability information as the basis for not having presented to OTS the financial statement asked for. Although the exact net worth of the plaintiff cannot be obtained until the 1990 tax liabilities are computed, the court is of the opinion that an estimate of net worth and value of real property can be made prior to computation of the tax liability and should be done so immediately with the understanding that the tax liability is not included or is merely estimated. The court is also of the opinion that the earlier unavailability of the December, 1990 cancelled checks could also have been overcome by a very close estimate of the expenditures for that month using the plaintiff's check stubs for his computations. The plaintiff is a CPA. At the telephone conference between counsel for the parties and the court on March 4, 1991, plaintiff's counsel agreed to furnish an estimated financial statement to the defendants by March 15, 1991, with the estimates mentioned above included in the financial statement. The OTS complains to the court about the lack of any security or bond being posted by the plaintiff as ordered by the cease and desist order. The plaintiff tells the court that he does not have the ability to post security in the amount of $13,000,000.00, the amount set forth in the OTS order. After the furnishing of the financial statement by the plaintiff to the defendants, the court believes the defendants and the plaintiff can arrive at an amount of security which the plaintiff can reasonably make in accordance with the cease and desist order. The court believes that the parties should be able to arrive at a mutually agreeable amount on which the security can be computed, but the court will fix an amount if the parties are unable to do so.

The OTS also complains that the plaintiff has not abided by the cease and desist order or the temporary restraining order of this court in gaining the permission of the OTS before any reasonable living expenses more than $5,000.00 are expended by the plaintiff. The plaintiff is ordered not to make any expenditures greater than $5,000.00 without permission from the OTS and to make no expenditures less than $5,000.00 that are not in the course of ordinary living expenses.

The plaintiff's contentions that the cease and desist order exceeds the authority of OTS and that the plaintiff has been deprived of his rights to due process by the cease and desist order are not supported by the facts or the law and the motion of the plaintiff to enjoin the order is denied. It appears to the court as a matter of law that the cease and desist order is proper under the law and the facts as established by the affidavits presented by the defendants and that an evidentiary hearing is not required as claimed by the plaintiff; that the administrative proceedings as contemplated by FIRREA should proceed and any discovery which the plaintiff claims he needs can be made under the framework of those administrative proceedings. The plaintiff also has an appeal from any findings of the administrative agency should he feel aggrieved by those findings, which ap-

peal would lie with the Fifth Circuit Court of Appeals as provided for by § 1818(h)(2).

It is therefore ORDERED AND ADJUDGED:

That the plaintiff's motion for injunctive relief is DENIED; and

That the defendants' motion to enforce the cease and desist order is hereby GRANTED.

The defendants' motion to require the plaintiff to show cause why he should not be held in contempt for violation of the temporary restraining order is continued.